UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE GARRETT,

                              Plaintiff,

              -against-

KAREN CUMMBERBATCH,

                              Defendant.

23-CV-2343 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained at the Rose M. Singer Center ("RMSC") on Rikers

Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant Karen

Cummberbatch, who is a social service counselor at RMSC, violated her federal constitution

rights. By order dated March 21, 2023, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. In December 2022, Plaintiff's "[l]egal [g]uardian, mother, [a]unt" passed away. (ECF 1, at 3.) Plaintiff spoke with Defendant, who is the social services counselor at RMSC. Plaintiff "filled out the proper paperwork . . . to attend the funeral services, or at least a Zoom." (*Id.*) Defendant, however, "never submitted the

2

paperwork." (*Id.*) Plaintiff's brother also called the social services department "many times [but] never received an answer." (*Id.* at 5.) On the day of the funeral, "Ms. Malcomb[2] brought [Plaintiff] a[n] obituary with a[n] apology that Ms. Cummberbatch did not submit the paperwork." (*Id.*)

Plaintiff does not list any injuries on the section of the complaint form asking her to describe her injuries, but in the section of the form asking her to state the relief she is seeking, Plaintiff indicates that she is seeking $100,000 in compensatory damages for "mental anguish." (*Id.*)

## DISCUSSION

### A.     No independent constitutional right

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To the extent Plaintiff is asserting a claim based on her inability to attend her relative's funeral, she fails to state a claim because prisoners and pretrial detainees do not have a constitutional right to attend the funeral of a relative. *See, e.g.*, *Verrone v. Jacobson*, No. 95-CV-10495, 1999 WL 163197, at *5 (S.D.N.Y. 1999) (noting that "a prisoner does not have a protected right to attend the funeral of a relative"); *Green v. Coughlin*, No. 94-CV-3356, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22, 1995) ("Generally, prison inmates do not have a constitutionally protected right under § 1983 to attend a funeral . . . ."); *Mercer v. Green Haven Corr. Fac.*, No. 94-CV-6238, 1998 WL 85734, at *3 (S.D.N.Y. Feb. 27, 1998) ("[A]n inmate

---

[2] Plaintiff does not otherwise identify this individual.

does not have a constitutional right to attend a family member's funeral."); *Colon v. Sullivan*, 681 F. Supp. 222, 223 (S.D.N.Y. 1988) ("Denying a prisoner permission to attend the funeral of a relative does not involve the denial of a liberty interest protected by the Constitution.") (citations omitted).

### B.    Substantive due process

Even in the absence of an independent constitutional right to attend a relative's funeral, Plaintiff may be able to assert a constitutional claim arising from alleged psychological harm that she experienced. *See McPherson v. Coombe*, 174 F. 3d 276, 280 (2d Cir. 1999) (in the context of a convicted prisoner, assuming without deciding, "that if, in order to cause a particular inmate psychological distress, prison officials deny the inmate leave which is otherwise available to attend a parent's funeral, such conduct may in some circumstances constitute cruel and unusual punishment").

Plaintiff's reference to the mental anguish caused by Defendant may be an attempt to assert a substantive due process claim under the Fourteenth Amendment. The substantive component of the Due Process Clause protects the individual against "the exercise of power without any reasonable justification in the service of a legitimate governmental objective," *County of Sacramento v. Lewis*, 523 U.S. 833, 845, 846 (1998). A substantive due process claim will not lie unless the defendant's conduct is found to be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at 848 n.8; *Ferran v. Town of Nassau*, 471 F.3d 363, 370 (2d Cir. 2006) (governmental action must be "arbitrary, conscience-shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised," to be actionable as a substantive due process violation).

"[C]onduct intended to injure in some way, unjustifiable by any government interest, is the sort of official action most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at

849; *see Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 252 (2d Cir. 2001) ("[M]alicious and sadistic abuses of government power that are intended only to oppress or to cause injury and serve no legitimate government purpose unquestionably shock the conscience."). By contrast, "negligently inflicted harm is categorically beneath the threshold." *Lewis*, 523 U.S. at 849.

Here, Plaintiff fails to state a substantive due process claim. Plaintiff's allegations suggest, at most, that Defendant was negligent when she failed to file Plaintiff's paperwork, and negligence does not amount to a constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986) (the Fourteenth Amendment does not provide a remedy for negligence); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (same); *Lewis*, 523 U.S. at 849 (stating that "negligently inflicted harm is categorically beneath threshold" to show a substantive due process violation); *Colon*, 681 F. Supp. at 223 (dismissing claims plaintiff was negligently denied permission to attend grandmother's funeral because "there can be no recovery under section 1983 on the basis of negligence") (citation omitted). Plaintiff alleges no facts suggesting that Defendant acted with the intent to cause harm to Plaintiff or that her actions "may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 848 n.8.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint alleging additional facts, and the Court will analyze whether they suggest that Defendant acted with the intent to cause Plaintiff psychological harm when she failed to file Plaintiff's application to attend the funeral.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid substantive due process claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)   a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consult the legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-2343 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 22, 2023
          New York, New York

                                    /s/ Laura Taylor Swain
                             _____
                                  LAURA TAYLOR SWAIN
                             Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ Civ. _____ (   )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's         Name_____
                        ID#_____
                        Current Institution_____
                        Address_____
                        _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                            Where Currently Employed _____
                            Address _____
                            _____

*Rev. 01/2010*                                              1

Defendant  No. 2        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did what?

Defendant  No. 4        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.        Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

What happened to you?

D.      Facts:_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?
_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.    Which claim(s) in this complaint did you grieve?
_____

_____

2.    What was the result, if any?
_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid; display:inline-block; padding:4px">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid; display:inline-block; padding:4px">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

_Rev. 01/2010_                                    6

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                            Signature of Plaintiff      _____

                            Inmate Number             _____

                            Institution Address         _____

                                                      _____

                                                      _____

                                                      _____


Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                            Signature of Plaintiff:  _____


*Rev. 01/2010*                              7



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
## New York ▮ Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
## SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II.   FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                    _____
Signature                                                               Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
**New York** **Legal Assistance Group**

**Name** _____      **Date of Birth** _____

**Facility** _____

**Identification #** _____      **Email (if available)**_____

---

**How did you hear about our clinic? (Circle One)**

Pro Se Intake Office              Order/Letter from the Judge              Conference/Hearing with the Judge

Pro Se Information Package        Website                                 Friend/Family

Other _____

---

**Ethnicity (Circle One)**

Asian/Pacific Islander           Hispanic                    Caucasian

African American                 Middle Eastern              Decline to Answer

African                          Caribbean

Native American                  South Asian

---

**Education Level (Circle One)**

8th Grade or Less                GED                         2-4 years of College/Vocational School

Some high school                 College graduate            Decline to Answer

High school graduate             Graduate degree

---

**Gender:** _____

---

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**