UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE GARRETT,<br><br>      Plaintiff,<br><br>-against-<br><br>KAREN CUMMBERBATCH,<br><br>      Defendant. | 23-CV-2343 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is detained at the Rose M. Singer Center ("RMSC") on Rikers Island, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendant violated her constitutional rights. By order dated May 22, 2023, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on July 21, 2023, and the Court has reviewed it. The Court dismisses the action for the reasons set forth below.

## BACKGROUND

  In the original complaint, Plaintiff brought claims under 42 U.S.C. § 1983, alleging that Defendant Karen Cummberbatch, a social service counselor at RMSC, violated her federal constitutional rights when she failed to file paperwork to allow Plaintiff to attend the funeral of a family member. By order dated May 22, 2023, the Court held that Plaintiff failed to state an independent constitutional violation based on her inability to attend the funeral because prisoners and pretrial detainees do not have a constitutional right to attend the funeral of a relative. (ECF 5, at 3-4.) The Court further held that Plaintiff did not state a substantive due process claim arising from the psychological harm she experienced because Plaintiff's allegations suggested that, at most, Defendant was negligent when she failed to file Plaintiff's paperwork, and negligence does

not amount to a constitutional violation under Section 1983. (*Id.* at 4-5.) In light of Plaintiff's *pro se* status, the Court granted her leave to file an amending complaint alleging additional facts suggesting that Defendant "acted with the intent to cause Plaintiff psychological harm" or that Defendant's actions may be said to "shock the contemporary conscience." (*Id.* at 5) (citation omitted).

The Court received Plaintiff's amended complaint on July 21, 2023. In her amended complaint, Plaintiff essentially restates the allegations in the original complaint. Plaintiff alleges that informed Defendant that her "legal guardian/Aunt/mother" passed away, and Defendant told Plaintiff to fill out a request to the warden to attend the funeral. (ECF 6, at 2.) Defendant "filled [Plaintiff] with hope" that she would be able to attend the funeral, or "[i]n the event the security staff would not be able to escort [her] in person," she would be able to "do a Zoom." (*Id.* at 3.) Defendant, however, "neglected to submit the paperwork." (*Id.*) Plaintiff's family called Defendant's office "[f]or one week straight leading up the funeral," but Defendant "did not answer the phone." (*Id.*) On the day of the service, another counselor came to Plaintiff's dorm "with an apology for [Defendant's] neglect and a[n] obituary that was faxed to the facility." (*Id.*)

## DISCUSSION

A.  **Claims under Federal Law**

The Court dismisses Plaintiff's Section 1983 claims for the reasons stated in its May 22, 2023 order. As explained in that order, Plaintiff does not state a claim based on her inability to attend her relative's funeral because prisoners and pretrial detainees do not have a constitutional right to attend the funeral of a relative. *See, e.g.*, *Verrone v. Jacobson*, No. 95-CV-10495, 1999 WL 163197, at *5 (S.D.N.Y. 1999) (noting that "a prisoner does not have a protected right to attend the funeral of a relative"); *Green v. Coughlin*, No. 94-CV-3356, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22, 1995) ("Generally, prison inmates do not have a constitutionally protected

right under § 1983 to attend a funeral . . . ."); *Mercer v. Green Haven Corr. Fac.*, No. 94-CV-6238, 1998 WL 85734, at *3 (S.D.N.Y. Feb. 27, 1998) ("[A]n inmate does not have a constitutional right to attend a family member's funeral."); *Colon v. Sullivan*, 681 F. Supp. 222, 223 (S.D.N.Y. 1988) ("Denying a prisoner permission to attend the funeral of a relative does not involve the denial of a liberty interest protected by the Constitution." (citations omitted)).

Plaintiff also does not state a substantive due process claim, because she does not allege facts suggesting that Defendant's conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998); *see Ferran v. Town of Nassau*, 471 F.3d 363, 370 (2d Cir. 2006) (governmental action must be "arbitrary, conscience-shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised," to be actionable as a substantive due process violation); *Colon*, 681 F. Supp. at 223 (dismissing claims plaintiff was negligently denied permission to attend grandmother's funeral because "there can be no recovery under section 1983 on the basis of negligence") (citation omitted).

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.     **Claims under State Law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim in which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge